IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: APPLICATION              :
OF POLYMER SOLUTIONS               Civil Action No. DKC 18-1864
INTERNATIONAL, INC.             :

**MEMORANDUM OPINION and ORDER**

Polymer Solutions International, Inc. filed, *ex parte*, an application under 28 U.S.C. § 1782 to take discovery from Joseph M. Mischler. ECF No. 1. The application recites that it intends to initiate an action against CPA Global Limited in the Royal Court of Jersey for breach of contract and other claims. Mr. Mischler was an Executive Vice President of CPA Global's Virginia office during a relevant time. Mr. Mischler lives in Maryland. He purportedly confirmed that he has relevant knowledge, but that he would only disclose the information if he is subpoenaed.

Title 28 U.S.C. § 1782(a), provides for "federal-court assistance in the gathering of evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 247 (2004). A federal court may grant such assistance where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or "any interested person." 28 U.S.C.

§ 1782(a). The Supreme Court has also identified additional discretionary factors to guide the court:

> in assessing § 1782's "twin aims" of providing efficient means of assistance to participants in international litigation while encouraging foreign tribunals to provide similar assistance to our courts. *Schmitz v. Bernstein Liebnard v. Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The factors are: (1) whether "the person from whom discovery is sought is a participant in a foreign proceedings;" (2) the receptivity of the foreign tribunal to U.S. Court assistance; (3) whether the Section 1782 request is an attempt to "circumvent foreign proof gathering restrictions;" and (4) whether the documents sought are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

*Oncology Foundation v. Avanza Development Services, LLC*., 2017 WL 2376769 * 1 (D.Md. May 30, 2017).

The application meets all of those criteria. As noted, the proposed deponent lives in Maryland, the discovery is to be used in proceedings before the Royal Court of Jersey, and the application is made by a party to those proceedings. Moreover, Mr. Mischler will not be a participant in the foreign proceedings, nothing in the record suggests that the Jersey tribunal would not be receptive to the assistance or that this subpoena is an attempt to circumvent its restrictions, and the subpoena appears to be narrowly tailored to the pertinent

issues.  Moreover, once the subpoena is served, a motion to quash can be filed in lieu of compliance.

Accordingly, it is this 27th day of June, 2018, by the United States District Court for the District of Maryland, ORDERED that the application BE, and the same hereby IS, GRANTED, and Polymer Solutions is authorized, pursuant to 28 U.S.C. § 1782, to serve Joseph M. Mischler a subpoena in the form of Exhibit 1 to the Declaration of Kimberly Perrotta Cole. ECF No. 1-3.

```
                              /s/
        DEBORAH K. CHASANOW
        United States District Judge
```